UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| SHIRLEY DUCOTE, AUSTIN DUCOTE AND SHELBY DUCOTE | * * * | CIVIL ACTION NO.: |
| VERSUS | * * | JUDGE: |
| CATERPILLAR, INC. AND LOUISIANA MACHINERY COMPANY, LLC | * * * | MAGISTRATE JUDGE: |

* * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

TO:  United States District Court
 Western District of Louisiana

Pursuant to 28 U.S.C. §§ 1332 and 1441, defendant, CATERPILLAR INC. ("Caterpillar") (incorrectly named in plaintiffs' petition as "Caterpillar, Inc.") hereby gives notice of its removal of this civil action from the Twelfth Judicial District Court for the Parish of Avoyelles, State of Louisiana (Civil Action No. 2023-0972), to the United States District Court for the Western District of Louisiana.

I.

Plaintiffs filed their "Petition for Damages for Wrongful Death, Survival Action and Personal Injuries" in the Twelfth Judicial District Court for the Parish of Avoyelles, State of Louisiana, on April 12, 2023. A copy of the plaintiffs' petition is attached to this notice as Exhibit "A."

II.

Caterpillar Inc., through its registered agent for service of process in Louisiana, was served with plaintiffs' petition on April 21, 2023. Removal must take place within thirty days of having

received "through service or otherwise, . . . a copy of the initial pleadings setting forth the claim for relief upon which" this action is based.  28 U.S.C. §1446(b)(2).  This statutory provision has been interpreted by the United States Supreme Court to mean that the removal period begins when a defendant is formally served, rather than in receipt of a complaint through informal means.  *Murphy Bros. v. Michetti Pipe Stringing,* 526 U.S. 344, 354-356, 119 S. Ct. 1322, 1328-1329 (1999).  Caterpillar is removing this case timely, within 30 days of service.

III.

The action is one of a civil nature that alleges the liability of Caterpillar to the plaintiffs.  Plaintiffs allege that on October 27, 2022, their decedent, Randy Ducote, was operating a 2022 Caterpillar D3 Bulldozer when he "fell from the seat."  According to the petition, "the bulldozer continued moving forward, dragging Randy Ducote to the front of the bulldozer, ultimately crushing him," and Ducote died as a result.  Plaintiffs allege that Caterpillar manufactured the bulldozer, that the bulldozer was "unreasonably dangerous" within the meaning of the Louisiana Products Liability Act, and that Caterpillar is liable to the plaintiffs for wrongful death and survival damages.  *See* Exhibit "1."

IV.

The matter in dispute reasonably appears to seek damages in excess of seventy-five thousand dollars, exclusive of interest and costs.  Plaintiffs, the widow and children of Randy Ducote, seek wrongful death and survival damages allegedly caused by Randy Ducote's death.  *See* Exhibit "A."

V.

Plaintiffs are Louisiana citizens.

VI.

The petition names as defendants Caterpillar Inc. and Louisiana Machinery Company, LLC.

VII.

Caterpillar Inc. is a Delaware corporation with its principal place of business in Irving, Texas. Complete diversity of citizenship exists between each of the plaintiffs and Caterpillar Inc.

VIII.

Louisiana Machinery Company, L.L.C. is a Louisiana limited liability company. Louisiana Machinery's members are Robert D. Webb, Jr. and the Estate of Clark G. Boyce, Jr. (Robert D. Webb, Jr. as Trustee). Robert D. Webb is a Louisiana citizen, so complete diversity of citizenship does not exist between each of the plaintiffs and Louisiana Machinery. However, for reasons that follow, Caterpillar avers that Louisiana Machinery is an "improperly joined" defendant, as that term is used in Fifth Circuit jurisprudence, and that Louisiana Machinery's citizenship may be disregarded for purposes of determining that the Court has diversity jurisdiction to decide this case.

A.

The test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

B.

Louisiana Machinery did not manufacture the subject machine, which it understands to be a Caterpillar Model D3 LGP track-type bulldozer bearing serial number XKY02892, and

plaintiffs' petition does not allege otherwise. Louisiana Machinery did not exercise any control or influence over the design, manufacture, or preparation of warnings or instructions for the machine. Louisiana Machinery did not label or hold out as its own the machine or otherwise represent to anyone that it was the machine's manufacturer. Louisiana is an authorized dealer of Caterpillar heavy equipment; it sold the subject machine to the Avoyelles Parish Police Jury on or about June 28, 2022. *See* Exhibit "2" (Affidavit of Tim Leger). Louisiana Machinery can therefore have no liability as a "manufacturer" under the Louisiana Products Liability Act. La. Rev. Stat. 9:2800.53(1) (West 2023).

C.

Under Louisiana law, a non-manufacturer seller "can be held liable for damages in tort only if he knew or should have known that the product was defective and failed to declare the defect to the purchaser." *Tunica-Biloxi Indians of Louisiana v. Pecot*, 2006 WL 273604, *3 (W.D. La. 2006) (citing *Jackson v. Sears Authorized Retail Dealer Store*, 821 So. 2d 590, 593 (La. App. 2d Cir. 2002); *Slaid v. Evergreen Indem., Ltd.*, 745 So. 2d 793, 797 (La. App. 2d Cir. 1999); *Jones v. Employers Mut. Liab. Ins. Co.*, 430 So. 2d 357, 359 (La. App. 3d Cir. 1983)).

D.

The plaintiffs' petition alleges that Louisiana Machinery

> knew, or in the exercise of reasonable care, should have known of the dangers posed by the equipment sold to the Avoyelles Parish Police Jury, yet made no efforts to train its operators or otherwise warn them of the unintended movement of this machine and the dangers associated therewith.

*See* Petition at ¶ 7. The petition further alleges that

> the proximate cause of the subject incident occurred as a result of the negligence and/or fault of Louisiana Machinery Company, LLC, including but not limited to:

1. Delivering this equipment to the Avoyelles Parish Police Jury without properly instructing Randy Ducote and/or any potential operators as to the proper safety operating procedures of the subject equipment;

2. In failing to warn Randy Ducote and/or any potential operators of the dangers associated with the operation of this equipment without proper safety equipment; and

3. In failing to warn Randy Ducote and/or any potential operators as to the dangers of the unintended movement of the equipment and the lack of an operator presence system.

*See* Petition at ¶13. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. However, in some cases, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder" the district court may pierce the pleadings and conduct a summary inquiry." *Id.* This is such a case.

E.

Plaintiffs' petition has omitted or misstated "discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573.

1.

Most significantly, plaintiffs' petition fails to note that when Louisiana Machinery delivered the subject machine to the Avoyelles Parish Police Jury, the machine was accompanied by its Operation and Maintenance Manual ("OMM"), which was in a sealed weather proof package in the storage area on the operator's seatback, and all of the machine manufacturer's warning labels and decals were affixed to the machine and in their proper place as illustrated in the OMM. *See* Exhibit "3" (Affidavit of Ralph Sellers). The OMM was in the operator's seatback on the day of Mr. Ducote's accident. *See* Exhibit "2" (Affidavit of Tim Leger).

2.

The OMM explains that it contains "safety information, operation instructions, transportation information, lubrication information, and maintenance information" regarding the machine. *See* Exhibit "3-A" (OMM (attached to Affidavit of Ralph Sellers) at p. 4).  Both the manual and a decal on the machine's left-hand cab post, in view of the operator, include a warning to "not operate or work on this equipment unless you have read and understand the instructions and warning in the Operation and Maintenance Manual.  Failure to follow the instructions or heed the warnings could result in injury or death…." *See* Exhibit "3-A" at pp. 9-10.  Both the manual and a decal on the machine's left-hand cab post, in view of the operator, warn that "[a] seat belt should be worn at all times during machine operation to prevent serious injury or death in the event of an accident or machine overturn.  Failure to wear a seat belt during machine operation may result in serious injury or death" *See* Exhibit "3-A" at p. 10.

3.

Furthermore, and contrary to what the plaintiffs' petition may suggest, the OMM explains that the machine was equipped with an "Operator 'Not Present' System," which "prevents the machine from being accidentally put in gear if an operator is not present." *See* Exhibit "3-A" at p. 66.  The OMM explains how and under what conditions the system activates; among other things, the OMM instructs operators to "[m]ake sure to understand that the seat belt has no connection with the operator 'Present' status," and specifically notes that "[w]hen the machine is moving and the operator raises from the seat, the power train systems will not shut down until the machine is stopped." *See* Exhibit "3-A" at pp. 66, 99, 113.

F.

"A] non-manufacturer seller is not required to inspect a product prior to sale to determine the possibility of inherent vices or defects. *Tunica-Biloxi Indians*, 2006 WL 273604 at *3 (citing *Ferruzzi U.S.A., Inc. v. R.J. Tricon Co., Inc.*, 645 So. 2d 685, 688 (La. App. 4th Cir. 1994); *Nelton v. Astro-Lounger Mfg Co., Inc.*, 542 So. 2d 128, 131 (La. App. 1st Cir. 1989); *Harris v. Atlanta Stove Works, Inc.*, 428 So. 2d 1040, 1043 (La. App. 1st Cir.), *writ denied*, 434 So. 2d 1106 (La. 1983)). "[U]nlike the manufacturer, the seller is not presumed to have knowledge of a product's vices." *Kelley v. Price-Macemon, Inc.*, 992 F.2d 1408, 1414 (citing *Hopper v. Crown*, 555 So. 2d 46, 48; (La. App. 1st Cir. 1989); *Martin v. Henderson*, 505 So. 2d 192, 195 (La. App. 3d Cir. 1987)). "Furthermore, Louisiana courts have consistently held that a seller's duty to warn goes only to those dangers which are not obvious—the seller has no duty to warn or dangers of which the user is or should be aware." *Id.* (citing *Delanzo v. ABC Corp.*, 572 So. 2 648, 651 (La. App. 5th Cir. 1990)).

G.

To the extent that plaintiffs may claim that the subject machine's "Operator Not Present System" was somehow insufficient or inadequate, the claim alleges an "inherent" vice or defect— one whose determination involves engineering analysis and one that as a matter of law, Louisiana Machinery, as a non-manufacturer seller, had no duty for which to inspect or of which to determine the possibility. *Tunica-Biloxi Indians*, 2006 WL 273604 at *3. Louisiana Machinery has received no reports of and is unaware of any incidents other than Mr. Ducote's in which an operator of this model machine allegedly fell from the machine's operator's seat and was run over by the machine, *see* Exhibit "B" (Affidavit of Tim Leger), and plaintiffs' petition does not allege otherwise.

H.

The OMM that Louisiana Machinery delivered with the machine contains all of the machine manufacturer's warnings and instructions regarding the machine's operation and functions, including an explanation of how and under what conditions the "Operator Not Present System" activates, what it does, and what it does not do.  All of those warnings and instructions were thus provided by Louisiana Machinery to the Avoyelles Parish Police Jury, and because the OMM was in the operator's seatback on the day of Mr. Ducote's accident, they were readily available to him.  Plaintiffs' petition fails to allege any "dangers" that the Operation and Maintenance Manual does not address; any "dangers" about which plaintiffs allege Louisiana Machinery should have warned were thus "dangers of which the user [was] or should [have been] aware."  *Kelley*, 992 F.2d at 1414.  At no time did the Avoyelles Parish Police Jury request that Louisiana Machinery provide training to Mr. Ducote, or to any other person, on how to operate the Caterpillar Model D3 LGP track-type bulldozer.  *See* Exhibits "B" and "C" (Affidavits of Tim Leger and Ralph Sanders).

I.

Accordingly, "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" Louisiana Machinery."  *Smallwood* 385 F.3d at 573.  First, the plaintiffs' petition alleges an inadequate design—an "inherent" defect and therefore neither one for which Louisiana Machinery had any duty to inspect nor of which Louisiana Machinery had any duty to determine the possibility.  Louisiana Machinery has no knowledge of any similar accidents involving this model machine, and plaintiffs' petition does not allege otherwise.  Second, Plaintiffs fail to allege any "dangers" associated with operating the machine that the machine's OMM does not address; because Louisiana Machinery delivered the OMM with the machine, and

it was present in the machine on the day of Mr. Ducote's accident, any "dangers" about which Louisiana Machinery might have warned were therefore ones about which it *did* warn and were dangers of which the user was, or should have been, aware.

IX.

Complete diversity of citizenship therefore exists between the plaintiff and all properly joined defendants.

X.

This matter is removable pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441.

WHEREFORE, Caterpillar Inc. gives notice of removal of the above captioned case from state court to this Court.

*/s/ Deirdre C. McGlinchey*
Deirdre C. McGlinchey (24167) (T.A.)
dmcglinchey@mcglinchey.com
Patrick J. O'Cain (20993)
pocain@mcglinchey.com
Katherine C. Kovach (38805)
kkovach@mcglinchey.com
601 Poydras Street, Floor 12
New Orleans, Louisiana 70130
Telephone (504) 586.1200
COUNSEL FOR CATERPILLAR INC.

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing "Notice of Removal" has been served on:

Cory P Roy
cory@cproylaw.com
Brandon Scott
brandon@cproylaw.com
Benjamin D. James
ben@cproylaw.com
Roy Scott & James
107 North Washington Street
P.O. Box 544
Marksville, Louisiana 71351
*and*
Robert M. Marionneaux, Jr.
rob@marionneauxlawfirm.com
B. Cade Melancon
cade@marionneauxlawfirm.com
The Marionneaux Law Firm, LLC
660 St. Ferdinand Street
Baton Rouge, Louisiana 70802
ATTORNEYS FOR THE PLAINTIFFS

Thomas Eppling
tommy@seklaw.com
Michael Maldonado
michael@seklaw.com
Staines, Eppling & Kenney, LLC
3500 North Causeway Blvd., Suite 820
Metairie, Louisiana 70002
ATTORNEYS FOR LOUISIANA MACHINERY

via "e-mail," and by depositing a copy of same, postage prepaid and duly addressed, in the United States Mail this May 19, 2023.

*/s/ Deirdre C. McGlinchey*
DEIRDRE C. McGLINCHEY