UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SHIRLEY DUCOTE, ET AL | CASE NO.  23-cv-672 |
| -vs- | JUDGE DRELL |
| CATERPILLAR INC., ET AL | MAGISTRATE JUDGE PEREZ-MONTES |

ORDER

This court denied Plaintiffs' motion to remand on the basis that Louisiana Machinery was

an improperly joined defendant.  In response, Plaintiffs filed a motion for an interlocutory appeal

pursuant to 28 U.S.C. § 1292(b) arguing the court used the incorrect standard to determine

improper joinder and that the court improperly dismissed Louisiana Machinery with prejudice.

The motion, which Defendants oppose, is ripe for consideration, and for the following reasons is

DENIED.

I.     Law and Analysis

Section 1292(b) provides in relevant part:

When a district judgment, in making in a civil action an order not otherwise
appealable under this section, shall be of the opinion that such order involves a
controlling question of law as to which there is substantial grounds for difference
of opinion and that an immediate appeal from the order may materially advance the
ultimate termination of the litigation, he shall so state in writing in such
order...[and] [t]he Court of Appeals...may thereupon, in its discretion, permit an
appeal to be taken from such order.

The moving party has the burden of establishing the following criteria before a court can

properly certify an interlocutory order for appeal: (1) a controlling question of law; (2) a substantial

ground for difference of opinion; and (3) that an immediate appeal from the order may materially

advance the ultimate termination of the litigation.  Id.  Interlocutory appeals are "exceptional,"

should not be granted " 'simply to determine the correctness' of a ruling," and are subject to the court's discretion.  See Clark-Dietz&Assocs. Eng'rs, Inc. v. Basic Const. Co., 702 F.2d 67, 68-69 (5th Cir. 1983); Swint v. Chambers Cnty. Com'n., 514 U.S. 35, 46 (1995)(explaining that in passing 28 U.S.C. § 1292, "Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals").

In this motion, Plaintiffs asserts that "the finding that Louisiana Machinery was improperly joined was based on the application of the wrong standard for an improper joinder analysis, whereby 'any doubt about the priority of removal must be resolved in favor of remand.'" (Doc. 40, p.2 citing Gash v. Hartford Acc. & Idem. Co., 491 F.3d 278, 281-82 (5th Cir. 2007)).    This standard was not only set forth in the Report and Recommendation but was also analyzed. Additionally, the court employed the Rule 12(b)(6) type analysis articulated in Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 573 (5th Cir. 2004) to determine whether the complaint stated a claim under state law, and, as provided for under Smallwood the court pierced the pleadings and conducted a summary inquiry to determine the propriety of joinder.  It was the court's findings while conducting the 12(b)(6) type analysis and the piercing of the pleadings with which the Plaintiffs take issue.

We have reviewed the R&R again as well as the parties' objection and reply.  While we understand Plaintiffs' objection pertaining to a lack of jurisdiction to entertaining Louisiana Machinery's motion to dismiss to be grounded in law, the finding of improper joinder remains whether Louisiana Machinery's motions are considered or not.  As to all other arguments of the Plaintiffs, we find them to amount to nothing more than a disagreement with the conclusions made throughout our analysis.    As a disagreement with the ruling does not qualify as grounds for interlocutory appeal we deny the requested relief.

As to Plaintiffs' assertion that the court improperly dismissed the claims against Louisiana Machinery with prejudice, we agree. Accordingly, we will, in a separate filing, vacate the prior judgment and issue an amended judgment denying Plaintiffs' motion to remand, dismissing the claims against Louisiana Machinery without prejudice, and denying Louisiana Machinery's motion to dismiss as moot.

Accordingly, for the foregoing reasons, it is

ORDERED that the motion for an interlocutory appeal is DENIED.

THUS DONE AND SIGNED at Alexandria, Louisiana this 22ᴺᴰ day of November 2024.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT