a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SHIRLEY DUCOTE ET AL, Plaintiff | CIVIL DOCKET NO. 1:23-CV-00672 |
| VERSUS | JUDGE DRELL |
| CATERPILLAR INC ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Motion for Reconsideration of this Court's Order granting a Motion to Amend Plan of Work filed by Defendant Caterpillar Inc. ('Caterpillar'). ECF No. 71. Plaintiffs Shirley Ducote, Austin Ducote, and Shelby Ducote (collectively, 'Ducotes') filed an opposition to which Caterpillar replied. ECF Nos. 78 & 80.

Because the Court finds no sufficient reason for reconsidering its previous Order, Defendant Caterpillar Inc.'s Motion for Reconsideration is **DENIED**.

I. Background

On December 13, 2024, the Ducotes filed a motion to extend the December 16, 2024, deadline to produce their expert reports. ECF No. 69. The Ducotes represented that Caterpillar informed them it would not produce several documents without a protective order in place. ECF No. 69-1 at 1. The Ducotes argued their experts needed to review the undisclosed documents to form their opinions and reports. *Id.* at 3. Therefore, the Ducotes argued they had good cause for an extension of the deadline to produce expert reports. *Id.* at 3-6. That same day, Caterpillar

informed the Court's Courtroom Deputy that it opposed the motion and intended to file an opposition. ECF No. 71-2.

On December 23, 2024, prior to Caterpillar filing its opposition, the Court granted the Ducotes' motion and extended the deadline for the Ducotes' disclosure of expert reports to thirty days after they received Caterpillar's full discovery responses. ECF No. 70. That same day, Caterpillar filed the instant Motion for Reconsideration. ECF No. 71. In this motion, Caterpillar argues the Court should reconsider its order because (1) the Ducotes' own failure to timely execute Caterpillar's proposed protective order is the reason for the delay in disclosure, (2) the Ducotes submitted expert reports on December 16, 2024, (3) Caterpillar would be prejudiced by an extension, and (4) the Ducotes failed to request an extension or to compel the production of those documents at an earlier point. ECF No. 71-1 at 7-10. Caterpillar contemporaneously filed a Motion for Protective Order, which this Court granted. ECF Nos. 72 & 74.

In response, the Ducotes argue Caterpillar improperly attempts to shift the burden of seeking a protective order to them and has still failed to submit adequate responses following the issuance of a protective order. ECF No. 78 at 2. The Ducotes additionally represent that the December 16, 2024, expert reports were produced "[o]ut of an abundance of caution." *Id.* at 3. Finally, the Ducotes argue Caterpillar is not prejudiced by the extension because its own expert disclosure deadline has been extended. *Id.* In reply, Caterpillar maintains the Ducotes have failed to establish they

could not meet the expert disclosure deadline despite their due diligence. ECF No. 80 at 1.

## II. Law and Analysis

No Federal Rule of Civil Procedure specifically applies to a motion to reconsider. *Cressionnie v. Hample*, 184 Fed. App'x. 366, 369 (5th Cir. 2006); *Shepard v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004). A district court may reconsider an interlocutory order pursuant to Federal Rule of Civil Procedure 54(b), which allows courts to revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . before the entry of judgment." Fed. R. Civ. P. 54(b). "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Six Dimensions, Inc. v. Perficient, Inc.*, 969 F.3d 219, 227 (5th Cir. 2020) (quoting *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)).

Here, Caterpillar seeks reconsideration of this Court's order granting a motion to extend the expert report disclosure deadline in the plan of work. ECF No. 71. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Courts consider four factors to determine whether the movant has established good cause: "(1) the movant's explanation for failing to meet the deadline; (2) the importance of the requested relief; (3) the potential prejudice in granting the relief sought; and (4) the availability of a continuance to

3

cure such prejudice." *Gaudet v. Howard L. Nations, APC*, No. 19-CV-10356, 2021 WL 2446203, at *3 (E.D. La. June 15, 2021). Importantly, the party moving to modify a scheduling order must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

Caterpillar essentially argues the Ducotes cannot show good cause because their explanation for the failure to meet the deadline is insufficient, the extension is not important because the Ducotes submitted expert reports by the deadline, and it would be prejudiced by any further extension. ECF No. 71-1 at 7-10. The Court initially did not afford Caterpillar the opportunity to oppose the Ducotes' motion before finding the Ducotes had established good cause. That issue has now effectively been resolved. And having reexamined the issue and the parties' briefing, the Court still finds good cause for the Ducotes' requested extension.

To begin, the Ducotes explained they could not meet the expert report disclosure deadline because Caterpillar's discovery responses were incomplete. ECF No. 69. The Ducotes' failure to timely execute a protective order or to request judicial relief at an earlier point does not, as Caterpillar argues, mean they were not diligent in attempting to meet the deadline. Notably, the Ducotes maintain that even with a protective order in place, Caterpillar "only released limited information" that did not "satisfy plaintiffs' outstanding discovery." ECF No. 78 at 2 (emphasis removed). Additionally, the record reflects that the Ducotes have been diligently working on this

4

case since its inception, including actively attempting to remand this matter to state court. Considering the record and the parties' briefing, the Court finds the Ducotes were diligent in attempting to meet the deadline at issue and that their explanation for an extension was sufficient.

The Court further finds that the request for an extension was important. While the Ducotes submitted expert reports on December 16, 2024, they did so "[o]ut of an abundance of caution" because this Court had not ruled on their request for an extension. *Id.* at 3. This submission does not negate the importance of a more comprehensive expert report. Finally, the Court finds any prejudice caused to Caterpillar by the granting of this continuance is outweighed by the other factors. Therefore, the Court finds that good cause existed, and still exists, for an extension of the Ducotes' expert report disclosure deadline. Because the Ducotes had good cause to extend the deadline, the Court finds no sufficient reason for reconsidering its order granting the request for an extension.

### III. Conclusion

For the reasons given, **IT IS ORDERED** that Defendant Caterpillar Inc.'s Motion for Reconsideration [ECF No. 71] is **DENIED**.

SIGNED on Thursday, January 29, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

5