a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SHIRLEY DUCOTE ET AL, Plaintiff | CIVIL DOCKET NO. 1:23-CV-00672 |
| VERSUS | JUDGE DRELL |
| CATERPILLAR INC ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Motion to Compel filed by Plaintiffs Shirley Ducote, Austin Ducote, and Shelby Ducote (collectively, 'Ducotes'). ECF No. 82. Defendant Caterpillar Inc. ('Caterpillar') opposes relief. ECF No. 89.

Because Caterpillar filed supplemental discovery responses following the issuance of a protective order, the Ducotes' motion is **DENIED AS MOOT**.

I. Background

On April 12, 2024, Caterpillar produced its responses to the Ducotes' discovery requests. ECF Nos. 82-1 at 1 & 89 at 3. On December 13, 2024, the Ducotes filed a motion to extend the December 16, 2024, deadline to produce their expert reports. ECF No. 69. The Ducotes represented that Caterpillar informed them it would not produce several documents without a protective order in place. ECF No. 69-1 at 1. The Court granted this motion and extended the deadline for the Ducotes' disclosure of expert reports to thirty days after they received Caterpillar's full

discovery responses. ECF No. 70. On December 23, 2024, Caterpillar filed a motion for a protective order, which this Court subsequently granted. ECF Nos. 72 & 74.

On March 19, 2025, the Ducotes filed the instant motion to compel. ECF No. 82. In this motion, the Ducotes aver that Caterpillar's April 12, 2024, discovery responses were inadequate because "Caterpillar claimed that nearly everything [the Ducotes] requested would not be disclosed without a protective order in place." ECF No. 82-1 at 2. The Ducotes argue "the documents requested by the [Ducotes] are owed by [Caterpillar] in the absence of [a protective] order. *Id.* at 3. Caterpillar responds that it produced supplemental discovery responses on January 7, 2025. ECF No. 89 at 4. Caterpillar maintains it "produced every single document . . . it had indicated would be voluntarily produced subject to the entry of a protective order." *Id.* at 5. Caterpillar additionally asserts its "objections to the discovery at issue in [the Ducotes'] motion have nothing to do with a protective order."[1] *Id.* at 4. Therefore, Caterpillar argues the motion should be denied. *Id.* at 3.

## II. Law and Analysis

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery. It provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). If a party fails to respond fully to discovery

---

[1] The Ducotes' motion to compel focused solely on the protective order issue. Therefore, the Court limited this order to that argument and does not intend to opine on the merits of any of Caterpillar's other objections.

requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. *See* Fed. R. Civ. P. 37(a)(1).

Here, as discussed *supra*, the Ducotes motion to compel is based on Caterpillar's failure to produce information without a protective order in place. However, the Ducotes fail to address that Caterpillar filed supplemental discovery responses after receiving a protective order. Their motion is instead premised on Caterpillar's April 12, 2024, discovery responses.[2] Because Caterpillar filed supplemental responses, the relief sought appears to have already been given, and the Ducotes' motion is consequently moot.

### III. Conclusion

For the reasons given, **IT IS ORDERED** that Motion to Compel filed by Plaintiffs Shirley Ducote, Austin Ducote, and Shelby Ducote is **DENIED AS MOOT**.

SIGNED on Thursday, January 29, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

---

[2] In their opposition to Caterpillar's Motion for Reconsideration, the Ducotes represented that Caterpillar "released limited information to [them] after it sought a protective order," and those "limited responses do not satisfy plaintiffs' outstanding discovery." ECF No. 78 at 2 (emphasis removed). However, the Ducotes did not assert this alleged insufficiency in the instant motion to compel. The Court cannot consider an argument that has not been made.